### RAMSEY v. BIRD.

(Court of Civil Appeals of Texas. Dallas. May 4, 1912. Rehearing Denied May 25, 1912.)

1. COURTS (§ 121*)—JURISDICTION—AMOUNT IN CONTROVERSY.

Under Rev. St. 1895, art. 1098, subd. 6, giving the district court original jurisdiction when the matter in controversy shall be valued at $500, the district court has jurisdiction of a suit to establish a joint interest of the parties in alleged firm property worth $1,550, and to appoint a receiver and for an injunction and an accounting, for the value of the property in litigation determines the jurisdiction of the court and not the amount plaintiff may be entitled to recover as his interest therein.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426, 428; Dec. Dig. § 121.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

The admission of parol evidence in an action founded on a written contract that all of the written contract was agreed on orally some time before it was reduced to writing except the last clause thereof which was agreed on immediately before the signing of the contract was not prejudicial as the evidence did not deny that the written contract controlled the rights of the parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

3. PARTNERSHIP (§ 119*)—ACTION FOR APPOINTMENT OF RECEIVER—ISSUES.

The court in a suit to establish a joint interest of the parties in alleged firm property and to appoint a receiver and for an injunction and an accounting will not, in determining the necessity for a receiver, consider the sufficiency of a pleading of tender by plaintiff for certain property retained by him, but the right to the

property must first be settled on the trial on the merits.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 181½; Dec. Dig. § 119.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by G. W. Bird against W. S. Ramsey. From an interlocutory order appointing a receiver, defendant appeals. Affirmed.

M. M. Plowman, of Dallas, for appellant. Harmon & Bird, of Dallas, for appellee.

RASBURY, J. This is an appeal from an interlocutory order entered in this case appointing T. V. Haralson receiver of a building bought to be removed from the lot upon which it was located. and thereafter wrecked, knocked down, and sold in sections, and as lumber, exclusive ownership of which is claimed by appellant, but which appellee claims is owned equally by him and appellant. A contract in relation to the venture was signed by both parties, which, stripped of its formal parts, states its purpose to be to purchase, wreck, and sell the building. By the contract appellant agreed to advance $600 with which to buy the building, and appellee agreed that said sum, as well as any expenses necessary in wrecking and selling the building and advanced by appellant, should be paid back to appellant out of the first sales of lumber from the building, any balance to be divided equally between appellant and appellee. Under the contract appellee reserved to himself the west end of the building at the agreed price of $300, which was to be paid to appellant December 21, 1911, and until the money was paid appellee could not remove that part of the building. Appellant reserved the southeast end of the building at the agreed price of $200. Appellee, who was plaintiff in the court below, plead the contract and alleged that appellant had on hand lumber and parts of the building of the value of $1,000, and that appellant had sold $550 of the lumber from the building. Other facts relating to the exclusion of appellee from participation in the business and a share in the profits were alleged, which, if true, were sufficient to sustain the action of the trial court.

[1] Appellant by his first assignment of error asserts that the court was without jurisdiction to appoint a receiver because the amount which appellee could recover from appellant under his pleading is less than $500. Bearing on this point appellee alleged the building to be of the value of $1,000, and charged that appellant had collected from the sale of lumber and had in his possession $550, and asked that the court appoint a receiver to take charge of and sell the building and divide the proceeds, and sought an accounting on final trial. Appellant denied absolutely that appellee had any interest in the property except the right at one time to purchase a portion of the building, and claimed that right had been lost and denied, as well the partnership under oath. Thus the ownership and right of possession of the building was sharply disputed between the parties, and its follows that upon the trial of the case on its merits the issue will be ownership of the building. The value of the building is $1,000; at least appellee alleged that to be its value, and appellant did not deny the valuation placed upon it by appellee. The charge is also made that appellant has $550 on hand belonging to the partnership. By subdivision 6 of article 1098, Revised Statutes, the district court is given original jurisdiction in all suits "when the matter in controversy shall be valued at or amount to $500." The rule invoked by counsel for appellant is sound, but not applicable here. The instant case is not to recover judgment against appellant for a given amount, but to establish joint interest in certain alleged partnership property of the value of $1,550, with prayer for receiver, injunction, and accounting. Appellant, by his pleading, recognizes such to be the controversy when he vigorously denies any right or interest of appellee in the building. Hence, as suggested, the matter in controversy is a building of the value of $1,000, not a suit to recover from appellant the value of appellee's interest in the partnership assets. Appellee is entitled to his interest in the property, if he has any, which we of course do not determine here, and the value of that property will determine the jurisdiction of the court rather than what he might not with the information before him be entitled to recover from appellant as the value of his half interest as in case of conversion.

[2] We agree with appellant that the testimony complained of in his third and fourth assignments of error was inadmissible. However, we think it harmless. The testimony of the witnesses tended to prove that all of the written contract was agreed upon orally some time before it was reduced to writing, except the last clause, which was only agreed upon immediately before signing same. We can see neither advantage nor disadvantage in its admission, since it did not deny the important point that the written contract was the one that controlled the rights of the parties.

[3] Appellant by his fifth and sixth assignments asserts that the court erred in overruling his special exceptions to appellee's petition in the trial court, which plead a tender on the ground that appellee did not actually tender in court the money which he agreed to pay for the section of the building reserved by him. This point involves the right of appellee to take over that portion of the building set aside to him under the contract and is properly determinable upon the trial of the cause upon its merits, and whether or not a legal tender was made was unim-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

portant in determining the necessity for the appointment of a receiver, and we cannot see how the refusal of the court to sustain the exceptions in any way influenced the court in the appointment of a receiver.

Finding no reversible error in the record, the judgment is affirmed.